UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **John Blotzer**, | |
| Plaintiff, | Case No. |
| v. | |
| **Donald J. Trump for President, Inc.,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**John Blotzer** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Donald J. Trump for President, Inc.** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant conduct business in the State of New York

4. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

5. Plaintiff is a natural person residing in Rochester, New York, 14617.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant Donald J. Trump for President, Inc. maintains an office located at 725 Fifth Avenue, New York, New York 10022.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Defendant devised and implemented a campaign marketing strategy which includes the transmission of text messages through use of an automatic telephone dialing system.

11. Plaintiff received multiple text messages from Defendant to his cellular telephone XXX-XXX-4552.

12. Defendant did not obtain express consent from Plaintiff prior to sending the Plaintiff the unsolicited text messages.

13. Plaintiff never provided his cellular telephone number to Defendant, has no affiliation with Defendant, has never provided any donations to Defendant, and has not attended any rallies organized by Defendant.

14. Plaintiff has been on the Do Not Call Registry since September 2020.

15. These unsolicited text messages placed to Plaintiff's cellular telephone were placed using an automated telephone dialing system (ATDS).

16. The text messages were not sent to Plaintiff for "emergency purposes."

17. The actions described herein were in violation of the TCPA.

## COUN T I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

18. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

19. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendant's texts were not made for "emergency purposes."

24. Defendant's texts to Plaintiff's cellular telephones without any prior express consent.

25. Defendant contacted Plaintiff at XXX-XXX-4552 despite the fact that Plaintiff has been on the Do Not Call Registry since September 2020.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31.     Defendant contacted Plaintiff at XXX-XXX-4552 despite the fact that Plaintiff has been on the Do Not Call Registry since September 2020.

32.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **John Blotzer,** respectfully prays for judgment as follows:

    a.     All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    g.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **John Blotzer,** demands a jury trial in this case.

Respectfully submitted,

Dated: 10/29/2020

/s/ Craig Thor Kimmel
Craig Thor Kimmel
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: teamkimmel@creditlaw.com